### BROWN *against* LAWRENCE and others.

Where one of several joint partners gives a receipt in his own name, having relation to the partnership business, it is obligatory on the partnership.

Therefore, where it appeared, in an action of account against several joint partners, that one of them received of the plaintiff certain promissory notes to collect, for which he gave a receipt in his own name; and the plaintiff, to shew that the transaction had relation to the partnership business, and thus to evince the liability of the defendants, offered to prove, that such notes were delivered by the plaintiff, to that partner, while he was attending to other concerns of the partnership, to be collected and applied in satisfaction of a note due from the plaintiff to the partnership, and that that partner did accordingly collect one of such notes, and endorse the avails on the plaintiff's note to the partnership; it was held, that such evidence was admissible.

This was an action of account, brought by *Brown,* as surviving partner of the late firm of *Brown* and *Hall,* against *Thomas Lawrence, John F. Lawrence* and *Thomas G. Casey,* joint partners, under the firm of *T.* and *J. F. Lawrence* & Co., charging them with having received of *Brown* and *Hall* sundry promissory notes, to the amount of 837 dollars, to collect, as the agents, attorneys and bailiffs of *Brown* and *Hall,* and thereof to render their reasonable account.

The cause was tried, on the issue of *never bailiffs and receivers,* at *Brooklyn, September* term, 1823, before *Peters,* J.

The plaintiff offered in evidence the following receipt, signed by *Thomas G. Casey,* one of the defendants: "Received

*Windham,*
*July,*
*1824.*

Brown
*v.*
Lawrence.

from *Brown* and *Hall,* for collection, *John P. Hall's* note, due 25th of *December,* 1819, for 24 dollars, [and sundry others described] making together 837 dollars. Whatever expenses accrue in collection, their amount to be allowed, by Messrs. *Brown* and *Hall. Augusta,* 28th *March,* 1820. *T. G. Casey."* In connexion with this receipt, the plaintiff offered also to prove, that at the date of it, *Casey* was in *Georgia,* collecting debts due to the defendants; and for this purpose, he had a note against *Brown* and *Hall,* in favour of the defendants, for 918 dollars, dated *August* 26th, 1818; that *Brown* and *Hall* paid him 140 dollars, which he indorsed on that note, and delivered to him the notes described in the receipt, to be collected and applied also on that note; and that on the 16th of *November,* 1820, *Casey* collected and endorsed on said note 126 dollars, the avails of one of the notes mentioned in the receipt. To the admission of this evidence the defendants objected; but the judge admitted it, and instructed the jury, that if they were satisfied, that the notes mentioned in the receipt were received to be collected and applied on the note in favour of the defendants, their verdict must be for the plaintiff; otherwise, for the defendants.

The jury returned a verdict for the plaintiff; and the defendants moved for a new trial, on the ground of error in the admission of evidence, and in the direction to the jury.

*Cleaveland,* in support of the motion, contended 1. That the receipt given by *Casey,* in his individual capacity, did not bind the company, and was, therefore, no evidence of the company's liability to account. *Siffkin* v. *Walker* & al. 2 *Campb.* 308. This being an action founded on contract, the proof must conform strictly to the general allegations. *Weall* v. *King & al.* 12 *East* 452. *Murray* v *Somerville,* 2 *Campb.* 99. n. *Livingston's* exrs. v. *Tremper & al.* 11 *Johns. Rep.* 101.

2. That any subsequent application could not be received to shew that the company were holden. *Saville* v. *Robertson & al.* 4 *Term Rep.* 720.

*Goddard,* contra.

HOSMER, Ch. J. It is admitted by the parties, in this case, that *Casey* was empowered to oblige the firm of *Lawrence & Co.* by contract, to a responsibility for the notes, received of *Brown* and *Hall* to collect. Nor has any objection been made to the

charge of the judge. If none but legal testimony was admitted, the instruction given to the jury seems unexceptionable; as, in substance, they were directed to make their finding pursuant to the testimony. The objection made is precisely this; that, as *Casey* gave a receipt for the notes, in his own name, it must not merely be presumed, that he received them on his own personal responsibility, but that evidence to the contrary would be in contravention of the written contract. The judge received such evidence, and submitted the question of fact to the jury; and the admission of the testimony is supposed to be erroneous.

The receipt contained no express contract, except that the notes in question were received by *Casey* for collection. Proof was offered and received, that *Casey* was possessed of a note, given to the defendants, a part of which was paid, and for the residue, the above notes were delivered by *Brown* and *Hall*, to be collected, and applied in satisfaction of it. I think the evidence was rightly admitted. The receipt, undoubtedly, standing alone, was evidence, *prima facie*, of a personal contract made by *Casey*; but the proof received, however, did not contradict the writing, and consisted only of collateral facts, which gave it a construction. The nature of the transaction proves, that *Casey* was exercising the power with which he was invested by the firm, for the joint benefit of the partners; and that the notes were received to be collected for their use. It has been often adjudged, that where there are partners in a certain business, and one of them gives a receipt in his own name, having relation to such business, it is obligatory on the partnership. *Willet* v. *Chambers, Cowp.* 814. *Biggs* & al. v. *Lawrence,* 3 *Term Rep.* 454. *Mason* v. *Rumsey* & al. 1 *Campb.* 384. The case of *Willet* v. *Chambers* is not distinguishable, essentially, from the one before the Court. *Dadley* and *Chambers* were partners, as attorneys and conveyancers, and part of their business consisted in receiving the money of other persons, and laying it out on securities. *Dadley* received of the plaintiff a certain sum, and gave for it his personal receipt; and *Chambers* received another sum of the plaintiff, and, after having acknowledged the reception of it, "promised to account to him on demand." One of the receipts was signed by *Dadley*, and the other by *Chambers*, as individuals. The court held, as the money was to be received to be laid laid out by the partnership, that *Dadley* and *Chambers* were jointly responsible. The receipts, *per se*, proved nothing but the reception of the money

Brown
*v.*
Lawrence.

by each person individually.    Testimony was received to shew the nature of the transaction ; and when it was ascertained, that the money was received for the joint interest, it was said by the court to be received on joint responsibility.   Every question arising in this case, arose in *Willet* v. *Chambers,* and was settled in the same manner as this case was adjudged in the court below.

I do not advise a new trial.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

New trial not to be granted.